Filed 6/12/25  P. v. Adame CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337727 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA518891) |
| v. | |
| JULIAN ADAME, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kerry L. White, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On November 1, 2023, the Los Angeles County District Attorney filed a single-count complaint charging defendant Julian Adame with willful, deliberate, and premeditated murder. (Pen. Code, §§ 187, subd. (a)[1] & 189, subd. (a).)  The case was previously filed in Los Angeles Superior Court case number BA498787.

On December 1, 2023, defendant filed a motion objecting to the refiling of the case on speedy trial grounds.  The prosecution opposed the motion.  After a hearing, the trial court denied the motion.

On February 26, 2024, based on the prosecution's motion and pursuant to a plea agreement, the trial court amended the complaint by interlineation to add count 2—voluntary manslaughter (§ 192, subd. (a)) and a gang enhancement allegation (§ 186.22, subd. (b)(1)(C)).  That same date, defendant waived his rights against self-incrimination; to confront and cross-examine witnesses; to produce evidence and present a defense; and to a court or jury trial.  Defendant pleaded no contest to count 2, and admitted the gang enhancement allegation.  The court accepted the plea and sentenced defendant to 16 years in state prison—the middle term of six years for the voluntary manslaughter conviction and 10 years for the gang enhancement.  The court dismissed the murder count.

Defendant signed, and orally admitted, the following factual basis for his plea:  "On August 4, 2020, I, Julian Adame, was a passenger in a beige colored Chevy Suburban in the area of Berendo St[.] and West 3rd Street in the City and County of Los Angeles, when I saw a person, the victim in this case Carlos Aquino, spray painting symbols on a wall that I knew

---

[1]     All further statutory references are to the Penal Code.

represented the 18th Street criminal street gang. I am a member of Mara Salvatrucha also known as MS-13. I believed the victim spray painting the wall was responsible for the death of a fellow gang member and became angry. I exited the Chevy Suburban and ran toward the victim to attack him. I was not armed with a knife or any sharp object. I hit the victim, Carlos Aquino, with my fist multiple times. The victim was stabbed during this attack and died. I did not personally stab the victim with any object."

On April 26, 2024, defendant filed a notice of appeal. Defendant signed a request for a certificate of probable cause, but did not identify the grounds for his request.

We appointed counsel to represent defendant on appeal. On April 8, 2025, counsel filed an opening brief in which counsel did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). The next day, we notified defendant that appointed counsel had filed an opening brief that did not raise any issues and defendant had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments that he wished us to consider. Defendant did not file a supplemental brief.

We have reviewed the record and are satisfied that defendant's appointed counsel has fully complied with his responsibilities and no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

4